

90 East Halsey Road, Suite 390 Parsippany, NJ  07054
(973) 996-4300 | thomaskadian.com

Samuel J. Thomas                                                                                              Direct: (973) 996-4301
Principal                                                                                                    sthomas@thomaskadian.com

February 24, 2023

*Via CM/ECF Only*

The Honorable J. Paul Oetken, U.S.D.J.
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    **Personnel Staffing Group, LLC, v. XL Insurance America, Inc., *et al***
                **Civil Action No. 1:22-cv-10259-JPO**

Dear Judge Oetken:

      This firm represents Respondents XL Insurance America, Inc. and XL Specialty Insurance Company (collectively "Respondents") in the above matter against Petitioner Personnel Staffing Group, LLC ("Petitioner").  Please accept this Letter Motion pursuant to Standing Order 19-MC-583 and Section 6 of the SDNY Electronic Case Filing Rules & Instructions in further support of Respondents' Notice of Intent to Request Redactions to the January 5, 2023 transcript [D.E. 98].

      By way of brief background, on December 9, 2021, the parties entered into a "CONFIDENTIAL – FOR SETTLEMENT PURPOSES ONLY" Stipulation (the "Confidential Stipulation").  On January 5, 2023, oral argument was held before Your Honor ("Argument"). During the Argument, the parties made numerous references to the Confidential Stipulation, including specific citations to the terms of the Confidential Stipulation.  The Confidential Stipulation was designated "CONFIDENTIAL – FOR SETTLEMENT PURPOSES ONLY."  The Confidential Stipulation unquestionably provided for strict confidentiality and protection of the document and any subsequent references to the substantive contents of the document.

      The Confidential Stipulation was entered into with the express understanding that the contents and terms of the document would remain strictly confidential.  As part of the settlement, Respondents made certain admissions and concessions *in the context of settlement negotiations* concerning their business information that would unquestionably harm Respondents' competitive standing in the marketplace.  Those admissions and concessions were *only* made for purposes of settlement and are certainly not admissible to prove liability.  *See generally* Fed. R. Evid. 408(a)("Evidence of the following is not admissible – on behalf of any party – either to prove or disprove the validity or amount of a disputed claim…conduct or a statement during compromise negotiations about the claim…").  However, other policyholders will likely use those



"CONFIDENTIAL – FOR SETTLEMENT PURPOSES ONLY" admissions and concessions as a basis to evade payment obligations. Similarly, Respondents' competitors will likely use such admissions to gain an unfair advantage over Respondents in the insurance marketplace. This is precisely what Respondents sought to avoid by stipulating to such terms in a "CONFIDENTIAL – FOR SETTLEMENT PURPOSES ONLY" Stipulation. Public disclosure of the document would eviscerate the "benefit" of Respondents' bargain in negotiating and agreeing to the terms of the "CONFIDENTIAL – FOR SETTLEMENT PURPOSES ONLY" Stipulation.

The Court should seal the transcript of the January 5, 2023 Argument because of the numerous references to the parties Confidential Stipulation. In the alternative, this Court should order the following redactions be applied:

| Page Number | Line Number(s) |
| --- | --- |
| 3 | Line 5, 9-11 |
| 4 | Lines 20-21 |
| 5 | Lines 2-3 |
| 6 | Lines 11-16, 18-19, 21 |
| 7 | Line 2, 13-14, 16-18 |
| 9 | Lines 20-22 |
| 10 | Lines 22-24 |
| 11 | Lines 15, 17-18, 20-21 |
| 13 | Lines 1-6, Lines 18-19 |
| 14 | Lines 24-25 |
| 15 | Lines 2, 7-10, 17, 25 |
| 16 | Lines 5-6 |
| 17 | Lines 12-16 |
| 19 | Lines 17-18 |
| 20 | Lines 1, 3-7 |
| 22 | Lines 18-20 |
| 23 | Lines 12-16, 21-23 |
| 24 | Lines 3-5, 9-11, 18-19, 24-25 |
| 25 | Lines 2-3, 5-6, 9, 11-13 |
| 29 | Lines 14-15 |
| 31 | Lines 8, 13-14, 21 |
| 32 | Lines 17, 23 |
| 33 | Line 18 |

Respondents' request is narrowly tailored and seeks a less restrictive alternative than sealing. "The Second Circuit has articulated a three-step process for determining whether documents should be placed under seal." *See Aioi Nissay Dowa Ins. Co. Ltd. v. Prosight Specialty Mgmt. Co.*, 2012 WL 3583176 (S.D.N.Y. Aug. 21, 2012), citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).



 First, a court must determine whether the presumption of access attaches. A presumption of access attaches to any item that constitutes a 'judicial document' – i.e., an item…relevant to the performance of the judicial function and useful in the judicial process. Second, if the court determines that the item to be sealed is a 'judicial document,' the court must then determine the weight of the presumption of access. [T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts. Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance. Finally, after determining the weight of the presumption of access, the court must 'balance competing considerations against it.' 'Such countervailing factors include but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure.

*Id.*, quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d at 119-120.

 Filed contemporaneously with this Letter Motion are: (1) a copy of the transcript at issue with the proposed redactions; and (2) an unredacted copy of the transcript at issue, with the proposed redactions highlighted for the Court's review submitted *ex parte*.

 We thank the Court for its consideration in this matter.

              Respectfully submitted,

              */s/ Samuel J. Thomas*

              Samuel J. Thomas

SJT/LHS
Enclosure